UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 10-CR-78-SS-KSF

UNITED STATES OF AMERICA                                                               PLAINTIFF

v.                                      **OPINION & ORDER**

DEMARCUS H. JONES                                                     DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendant, Demarcus H. Jones, to withdraw his guilty plea entered on November 18, 2010 [DE #350]. The United States has filed its response objecting to Jones' motion [DE #353].

## I. BACKGROUND

On June 15, 2010, a federal grand jury for the Eastern District of Kentucky returned an indictment against Jones and multiple co-defendants. Count 2 charges Jones and multiple co-defendants with one count of conspiring to knowingly and intentionally distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, a violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. Count 20 charges Jones with knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1). On August 19, 2010, a federal grand jury for the Eastern District of Kentucky returned a superseding indictment against Jones and multiple co-defendants. This superseding indictment was superseded by a second superseding indictment returned on

October 21, 2010. However, the Counts against Jones in the second superseding indictment are the same as those in the original indictment.

Jones pled not guilty to the charges in the second superseding indictment on October 29, 2010, and this matter was set for trial on December 20, 2010. However, on November 11, 2010, Jones' counsel filed a motion for rearraignment based on a written plea agreement entered into between the parties [DE # 301]. Pursuant to the plea agreement, on November 18, 2010, Jones entered a plea of guilty to Counts 2 and 20 of the second superseding indictment. This matter is currently scheduled for sentencing on February 18, 2011.

## II. ANALYSIS

Jones now moves the Court to withdraw his guilty plea. In support of his motion, Jones states that, prior to his rearraignment, he was given a strict time line to plead guilty to the charges against him, as the United States threatened to re-indict Jones on new charges stemming from activities prior to his arrest which would have carried an extended statutory mandatory minimum sentence and that, throughout these proceedings, Jones expressed concerns about the sufficiency of the evidence against him and changing his plea to guilty, even up until the very last moment when his inaction caused a recess of his rearraignment before the Court.

Rule 11(d)(2) of the Federal Rules of Criminal Procedure allows a defendant to withdraw a guilty plea after the court accepts it, but prior to sentencing, only if "(A) the court rejects a plea agreement under Rule 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal." The Court previously accepted and approved the plea agreement at Jones' rearraignment, thus Rule 11(d)(2)(A) does not apply. With respect to Rule 11(d)(2)(B), the Sixth

Circuit has developed seven factors for courts to consider when deciding whether a defendant can provide a "fair and just" reason for withdrawing his plea:

    (1)    the amount of time that elapsed between the plea and the motion to withdraw it;

    (2)    the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;

    (3)    whether the defendant has asserted or maintained his innocence;

    (4)    the circumstances underlying the entry of the guilty plea;

    (5)    the defendant's nature and background;

    (6)    the degree to which the defendant has had prior experience with the criminal justice system; and

    (7)    potential prejudice to the government if the motion to withdraw is granted.

*United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007); *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998); *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006). These factors "are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). Jones bears the burden to show a "fair and just" reason that would entitle him to withdraw his guilty plea. *Dixon*, 479 F.3d at 436.

    An analysis of these factors reveals that the relief sought by Jones is not warranted in this case. Jones filed his motion to withdraw on December 20, 2010, a little over a month after his plea. Waiting more than four weeks to file his motion to withdraw does not weigh in Jones' favor, particularly where, as here, Jones provides no reason for failing to move for withdrawal earlier in the proceedings. The purpose of the rule permitting withdrawal of a guilty plea "is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he

3

believes that he made a bad choice in pleading guilty.'" *U.S. v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)(quoting *U.S. v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984)). *See also Pluta*, 144 F.3d at 973. In addition, other than his not guilty pleas at his arraignments on the first and second superseding indictments, Jones has not consistently asserted or maintained his innocence, as required by the third factor. Rather, at his rearraignment on November 18, 2010, Jones admitted in open court and in writing in his plea agreement that he committed the crimes set out in Counts 2 and 20 of the second superseding indictment.

Although Jones now argues that, throughout these proceedings, he has "expressed concerns" about the sufficiency of the evidence against him, at his rearraignment, the United States explained in detail the essential elements of the crimes with which Jones was charged, as well as the facts that the United States was prepared to prove if this case were to go to trial. When asked directly whether he believed that the United States would be able to prove its case against him, Jones, under oath, not only agreed that it could but also expressed no concerns whatsoever to the Court about the sufficiency of the evidence against him. Specifically, the transcript of the proceedings reveals the following exchange:

> MS. HAWKINS: The essential elements of count two are first that the defendant and at least one other person, directly or indirectly, reached an agreement to distribute a mixture or substance containing a detectable amount of cocaine base, crack cocaine, a Schedule II controlled substance.
>
> Second, the defendant knew of the unlawful purpose of the agreement.
>
> Third, the defendant joined in the agreement voluntarily, that is with the intent to further its unlawful purpose.

4

And fourth, the overall scope of the conspiracy involved 5 grams or more of a substance containing crack cocaine.

The essential elements for count twenty are, first, the defendant distributed a mixture or substance containing crack cocaine, a Schedule II controlled substance.

Secondly, the defendant knew the substance was in fact crack cocaine.

And the following facts are the facts we could prove beyond a reasonable doubt and the facts the defendant admits.

On June 13th, 2010, State Police detectives utilized a confidential informant to purchase a quantity of cocaine base from Mr. Jones.

Mr. Jones pulled up in front of a house at 821 Horton Drive in Paris, Kentucky and went inside. He was in a blue Malibu.

He returned to the vehicle and sold the informant $100 worth of crack cocaine.

Within minutes of selling the crack cocaine to the informant, he also sold approximately $50 worth of crack cocaine to a co-defendant in a related case, Laquint Strawder.

The suspected crack cocaine was submitted to the State Police forensic laboratory for analysis and determined to be 1.167 grams of crack cocaine, a Schedule II controlled substance.

During the time frame set forth in count two of the second superseding indictment, Demarcus Jones agreed with Jashaun Thomas and others to distribute at least 5 grams but less than 50 grams of cocaine base or crack cocaine.

Pursuant to the agreement, Jones would purchase powder cocaine from Jashaun Thomas and others, cook it up into crack cocaine and utilize Ralph Black and one or more of the other individuals listed in case 10-78 of the first superseding indictment and the original indictment to act as drug runners in the area of Oliver's Grocery and surrounding areas of Paris, Kentucky.

>       Jones knowingly distributed 1.167 grams of cocaine base to an informant on June 13 of 2010 and agreed with others to distribute 5 grams or more and less than 50 grams of crack cocaine between approximately 2007 and June 13th of 2010.
>
>       And I would clarify that we understand that Mr. Jones may not have been involved all that time. He was in custody part of the time.
>
>       But at least during part of that time he was involved in that conspiracy.
>
>       And that's what we would prove and what Mr. Jones would admit today, Your Honor.
>
> THE COURT: Mr. Jones, did you hear Miss Hawkins just now tell me what the government would be able to prove if this case were to go to trial?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you believe the government would be able to prove all of that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. So let me ask you now, how do you plead to the offense charged in count two of the second superseding indictment, guilty or not guilty?
>
> THE DEFENDANT: Guilty.
>
> THE COURT: And to the offense charged in count twenty of the second superseding indictment, guilty or not guilty?
>
> THE DEFENDANT: Guilty.

Moreover, although Jones now vaguely suggests that he was somehow coerced into pleading guilty by the "strict time line" given to him by the United States, as well as the United States' threat to re-indict him on new charges stemming from activities prior to his arrest, at his rearraignment,

Jones, again under oath, denied that anyone had in any way attempted to force him to plead guilty. Regardless, the fact that the United States may have given Jones a "time line" related to his plea agreement, or threatened to re-indict him on charges related to additional criminal activity, hardly rises to a level of coercion that would justify permitting Jones to withdraw his plea.

Turning to the remaining three factors, nothing in Jones' nature or background supports allowing Jones to withdraw his guilty plea. In fact, Jones' familiarity with the criminal justice system based on his previous convictions of multiple felony and misdemeanor offenses dating back to at least 1996, including two prior drug trafficking convictions in 1996 and an attempted murder conviction in 2004 involving two counts of attempted murder, weighs against him. Although Jones suggests that his plea was made in haste, he had ample time to consider the charges against him and to weigh his alternatives. Jones was a savvy defendant who was fully informed about the nature of his bargain. Nothing in the record suggests that Jones' plea of guilty was anything but a knowing and voluntary plea supported by facts supporting each of the essential elements of the offenses charged.

Finally, the Court must also consider the prejudice to the United States that would result from allowing Jones to withdraw his guilty plea. According to the United States, since Jones entered his guilty plea, several of the co-defendants in this case and related cases, some of whom may have had relevant testimony against Jones, have been sentenced, in part, in reliance of Jones' guilty plea in this case. Upon Jones' guilty plea, the informants and co-defendants were assured that the case was over and they would not have to testify. Withdrawal of Jones' guilty plea would potentially require the prosecutors to utilize co-defendants as witnesses after they have already been given a reduced

sentence by this Court in reliance on Jones' guilty plea. Thus, the prejudice to the United States that would result if Jones were permitted to withdraw his plea is significant.

For all of these reasons, Jones has failed to meet his burden of establishing a "fair and just" reason for withdrawal of his guilty plea. Accordingly, his motion will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court, being fully and sufficiently advised, hereby **ORDERS** that Jones' motion to withdraw his guilty plea [DE # 350] is **DENIED**.

This January 5, 2011.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge