UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:10-CR-078-12-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DEMARCUS HAMILTON JONES, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*

On November 27, 2018, federal prisoner Demarcus Hamilton Jones, proceeding pro se, filed a renewed Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). [DE 848]. Jones claims that he is entitled to relief based on the recent decision of the United States Supreme Court in *Hughes v. United States*, 138 S. Ct. 1765 (2018). But here, *Hughes* is inapplicable because Jones was not sentenced pursuant to a Type-C plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Additionally, the Court has already granted Jones a sentence reduction under the Fair Sentencing Act of 2010 and the sentencing reforms passed in the First Step Act of 2018 do not grant Jones additional relief in the form of a sentence reduction. As a result, Jones's Motion for a Reduction of Sentence [DE 848] is **DENIED**.

**I. Procedural History**

On November 18, 2010, Jones pleaded guilty to count two, conspiracy to distribute five grams or more of a mixture containing

1

a detectable amount of cocaine base, and count twenty, distribution of a mixture or substance containing a detectable amount of cocaine base, of the second superseding indictment. [DE 317, Minute Entry for Rearraignment; *see* DE 243, Second Superseding Indictment].

In the presentence report prepared for Jones's sentencing, Jones was classified as a career offender within the meaning of U.S.S.G. § 4B1.1. [DE 729, Presentence Report at 17, Pg ID 2276]. Based upon a total offense level of 34 and a criminal history category of VI due to his career offender status, Jones's initial guideline range was 262 to 327 months of incarceration. [*Id.* at 23, Pg ID 2282].

On February 18, 2011, Jones was sentenced to a term of 262 months imprisonment on each count to be served concurrently. [DE 450, Judgment Upon a Plea of Guilty at 2, Pg ID 1020]. Jones's conviction and sentence was affirmed on direct appeal. *See United States v. Jones*, 489 F. App'x 57 (6th Cir. 2012).

Subsequently, on March 28, 2014, the Court reduced Jones's sentence from 262 months to 235 months of imprisonment. [DE 714, Order; *see also* DE 713, Order at 3-4, Pg ID 2172-73]. The Court acknowledged that the sentencing reforms in the Fair Sentencing Act of 2010 applied to Jones's case based on the ruling in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). As such, the reduction of Jones's statutory mandatory maximum penalty as to count two and an adjustment for acceptance of responsibility lowered the total

offense level from 34 to 31. [DE 713 at 3, Pg ID 2172]. Still, the Court noted that Jones's statutory penalties as to count twenty had not changed because Jones's "sentence was based upon his status as a career offender within the meaning of U.S.S.G. § 4B1.1, not based on the statutory mandatory minimums amended by the FSA. [*Id.*]. Ultimately, based on a total offense level of 31 and a criminal history category of VI, Jones's guideline range for imprisonment was reduced to 188 to 235 months. [*Id.*].

Now, Jones moves the Court for an additional sentence reduction, arguing that *Hughes v. United States* entitles him to relief. [*See* DE 848]. The United States has responded in opposition [DE 851] and Jones has replied [DE 852], making this matter ripe for review.

## II. Analysis

Jones argues that he is entitled to a reduction of sentence based on the Supreme Court's recent decision in *Hughes v. United States*. But here, the *Hughes* decision is inapplicable to Jones's case and Jones has already been granted a sentence reduction under Amendment 750. As a result, Jones is not entitled to any additional reduction of his sentence.

In Hughes, the Supreme Court considered whether a defendant may seek relief under § 3582(c)(2) if he or she entered a plea agreement specifying a particular sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *Hughes*, 138 S. Ct. at

3

1773. The Court explained, "[i]n a Type-C agreement the Government and a defendant 'agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply,' and 'such a recommendation or request binds the court once the court accepts the plea agreement.'" *Id.* (quoting Fed. R. Crim. P. 11(c)(1)(C)). Ultimately, the Supreme Court held that the defendant was entitled to relief because the sentencing court accepted the Type-C agreement after concluding the sentence was compatible with the sentencing guidelines, which were subsequently lowered by the Sentencing Commission. *Id.* at 1778.

But here, the *Hughes* decision is inapplicable because Jones was not sentenced pursuant to a Type-C plea agreement. Jones pleaded guilty under a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) [*See* DE 319, Plea Agreement], which states that the "government will . . . (b) recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate . . . ." Fed. R. Crim. P. 11(c)(1)(B). In contrast, the *Hughes* decision only addressed the narrow question of whether a defendant may seek relief under § 3582(c)(2) if they pleaded guilty pursuant to an 11(c)(1)(C) agreement that specified a specific sentence or sentencing range. *See Hughes*, 138 S. Ct. at 1773. As a result, *Hughes* is inapplicable

4

to Jones's sentence and does not provide a legal basis for a sentence reduction here.

Furthermore, even if *Hughes* was applicable to this case, Jones does not appear to be entitled to further relief because his current sentence falls within the guidelines range. Previously, the Court explained that Amendment 750 of the United States Sentencing Guidelines, which lowered the base offense level crack-cocaine offenses and was made retroactive as of November 1, 2011, entitled Jones to a reduction in his base offense level. [DE 713 at 1-3, Pg ID 2170-72]. As a result, Jones's base offense level was 34, which was adjusted for acceptance of responsibility, for a total base offense level of 31. But Jones's status as a career offender means that he has a criminal history category of VI. Based on the sentencing guidelines, a base offense level of 31 and a criminal history category of VI carries a guideline range of imprisonment of 188-235 months. U.S.S.G. ch. 5, pt. A (sentencing table). Ultimately, Jones's status as a career offender is a relevant part of the guideline calculation and his 235-month term of imprisonment is within the applicable guidelines sentencing range.

Finally, the Court is aware of the recent passage of the First Step Act of 2018, Pub. L. No. 115-391. The Act was signed into law on December 21, 2018, after the Motion to Reduce and Response were filed in this matter. Still, while the First Step Act may

5

affect the calculation of Jones's good time credit while in prison, it does not appear that the Act's sentencing reform provisions provide any relief to Jones. Essentially, the sentencing reforms in Title IV, Section 404 of the First Step Act make the reforms enacted by the Fair Sentencing Act of 2010 retroactive. But here, the Court has already granted Jones relief under the Fair Sentencing Act of 2010. [DE 713]. Thus, the First Step Act does not appear to provide a legal basis for a further reduction of Jones's sentence.

### III. Conclusion

Ultimately, the decision in *Hughes v. United States* is inapplicable in this case and does not provide any additional sentencing relief for Jones. Furthermore, the Court has already granted sentencing relief based on the sentencing reforms in the Fair Sentencing Act of 2010. Finally, because the court has already granted Jones relief under the Fair Sentencing Act, recent sentencing reforms in the First Step Act of 2018 do not entitle Jones to any further sentence reduction. Accordingly, **IT IS ORDERED** that Jones's renewed Motion to Reduce Sentence [DE 848] is **DENIED**.

This the 15th day of January, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge